ENRIQUE ALVAREZ MONTALVO, Petitioner and Appellant, *v.* MUNICIPAL COURT OF UTUADO, Respondent and Appellee.

No. 5460.   Argued March 25, 1931.—Decided May 24, 1932.

*Luis Mercader* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the Municipal Court of Utuado, Enrique Alvarez Montalvo began a suit against Angel García Pérez. An order issued from the municipal court to the marshal to attach property of the defendant. Thereupon the marshal took certain steps attaching or attempting to attach a one-half interest in certain tobacco. The results of the alleged attachment were not what the creditor expected and he felt that the proceedings of the municipal court and the marshal had not been according to law and therefore he filed a petition of certiorari in the District Court of Arecibo.

The district court originally issued the writ but subsequently annulled it and this appeal is from the order an-

nulling the writ. As it is not altogether easy to understand the proceedings in this case we shall follow the method of treating the facts chronologically.

The original return of the marshal to the order of attachment was as follows: "That I received the present order of attachment at 2 p. m. of the 10th of March, 1930, and on the 14th of March, 1930, I proceeded to attach and did attach as the property of the defendant and at the instance of the plaintiff, the following goods: One-half interest of some tobacco (*un tabaco*) that García Pérez, defendant in this case, has in an agricultural partnership with Rafael Herrera, the said interest amounting to 17½ cwt., counting also as part of this half portion 713 ℔ that the said Herrera received of García Pérez and holds in accordance with the said agricultural partnership (*en tal concepto de medianería*); that the defendant in this case, García Pérez, as well as Rafael Herrera, were duly notified of the present attachment by the undersigned marshal." In the record there then appears a copy of the instructions of the attorney for the plaintiff to the marshal. The property to be attached and the manner of the attachment was practically identical with that hitherto described in the return of the marshal. Subsequently there was a default entered against the defendant and a judgment. The court thereafter ordered the execution of the judgment and then the attorney for the plaintiff indicated to the marshal that the goods to be used in the execution of the judgment were the same that had been attached to secure the effectiveness of the judgment. This order was dated on the 29th of April, 1930.

On the 15th of July, 1930, the marshal made another return to the court wherein he said in effect that when he required payment or performance by Herrera the latter said that the tobacco had not been liquidated by the "Tabacaleros de Utuado" to whom it had been delivered. The "Tabacaleros de Utuado" probably means an organization for the sale of tobacco. The marshal went on to say that he had

made various requests of Herrera to settle and that he received the same answer, that is, that the tobacco had not been liquidated. The plaintiff then requested and obtained from the municipal court a peremptory order on Rafael Herrera to make an accounting.

On the 19th of July, 1930, a new attorney for the plaintiff appeared in the case and filed a fairly lengthy petition to the court in which he suggested that some of the proceedings of the marshal were not according to law and that a new order should issue to the marshal directing him to sell the tobacco attached. In the prayer of this petition the attorney for the plaintiff inserts the statement that the tobacco attached was left in the hands of Herrera solely as a custodian of the same. The plaintiff also insisted that he had a right to sell the tobacco attached. The municipal court, with the order of attachment and the return of the marshal before it, held, on July 29, 1930, that the petition of the plaintiff did not lie. After this action of the court there appears as of August 4, 1930, a return by Rafael Herrera in which he says that after having cast up the accounts, García was indebted to him (Herrera) in the sum of $8, and therefore that he had no property in his possession belonging to the defendant.

The District Court of Arecibo, after summing up most of the foregoing facts, stated that the questions presented to it (as stated by petitioner) were that as the marshal had made a preventive attachment with regard to the tobacco and had deposited it in the hands of Herrera, the court had no right to refuse to compel the marshal to sell at public auction the said tobacco and with the proceeds of the sale to permit the plaintiff to recover the amount of his judgment. The court held, and of course correctly, that the marshal never succeeded in making a preventive attachment, but the attachment was only on the interest that the defendant was alleged to have in the tobacco and that therefore no real attachment took place; and said that Rafael Herrera had disposed of the tobacco transferring it to the "Tabacaleros

de Utuado," and that from the final settlement there remained (sic) to the defendant Angel García Pérez only $8. The court stated the proceedings by which a preventive attachment and a deposit may be made and held that such proceedings had not taken place in this case and, therefore, the marshal had never taken possession of nor had deposited the goods in the custody of any person designated by him and, indeed, never took the initiative to name a custodian. The court then cites cases of this and other courts to show that where the attaching officer loses possession of the goods the attachment becomes dissolved, and the court repeats the contention of the municipal judge that the marshal limited himself to notifying Herrera of having made the attachment without having taken any action towards an actual attachment, and indeed, suggested the court, all that the return of the marshal shows is that he attached an interest in the tobacco but not the tobacco itself. The court then cited the case of *Soc. Anon. des Suc. de St. Jean* v. *Dávila et al.*, 34 P.R.R. 599, to show that what took place was not a real attachment. The reasoning of the court then shows that no valid attachment could be made on the interest of a thing which was then inexistent as was the price of an article which at the specific date of the proposed attachment was not upon the market.

We may add to this what the court apparently overlooked, that what the marshal did in this case was an exact performance of the instructions of the plaintiff. The plaintiff could hardly be heard to complain that the marshal did as he was requested.

Perhaps, as insisted by the appellant, the court may have been mistaken about saying that there was no possibility of an attachment of an interest. Nevertheless, the appellant does not convince us that the ultimate proceedings were not in accordance with the instructions of the plaintiff, nor that Herrera was mistaken in making the accounting that he did.

The appellant is simply mistaken when he says that the goods were deposited in the hands of Herrera. There is not the slightest word in the record to show that Herrera was constituted a custodian by anybody.

We have a serious question whether anything the municipal court did or that was performed by the marshal thereof was subject to review by certiorari, but in any event we find no error and the judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.